UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BORDER STATES INDUSTRIES, INC,**

    **Plaintiff,**

v.                                          CASE NO. 3:25cv2260-MCR-HTC

**ERIC NISEWONGER**
**also known as**
**BO NISEWONGER, and**
**GATEWAY ELECTRICAL SUPPLY LLC,**

    **Defendants.**
_____/

## ORDER

Plaintiff Border States Industries, Inc. has filed a "Verified Complaint" alleging trade secret misappropriation claims against Defendants Eric Nisewonger and Gateway Electrical Supply LLC, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*., and Florida law, Fla. Stat. § 688.002. ECF No. 1. Attached is the Declaration of Kevin V. Bluml, a computer forensics expert, attesting that documents were accessed and files were potentially copied on the last days that Nisewonger worked for Border States. ECF 1–3. Simultaneously with the Complaint, Border States filed an Emergency Motion for a Temporary Restraining Order, seeking to restrain the Defendants from further use and disclosure of its trade

secrets and to require them to submit their computers, devices and accounts for a forensic examination. ECF No. 3. No affidavit accompanies the motion.

Like a preliminary injunction, a temporary restraining order ("TRO") is "an extraordinary and drastic remedy" to be granted only if the movant establishes: (1) a substantial likelihood of prevailing on the merits; (2) a likelihood of irreparable injury in the absence of the TRO; (3) that the movant's threatened injury outweighs the harm it may cause to the adverse party; and (4) that if issued, the TRO would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001). The Federal Rules of Civil Procedure provide some built-in protections, stating that an *ex parte* TRO may issue only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1) (A), (B). If injunctive relief is issued without notice, a hearing must be promptly held because the TRO expires after 14 days. Fed. R. Civ. P. 65(b)(2), (3). Also, the moving party must be required to give security in the event the nonmoving party is found to have been wrongfully restrained. Fed. R. Civ. P. 65(c).

Page 3 of 3

On review, the motion must be denied for the failure to comply with the Rule. The Complaint is not in fact verified, despite its label,[1] and the facts alleged are only partially verified by the forensic expert's declaration. Moreover, that declaration does not "clearly show" that irreparable injury will result before the adverse party can be heard in opposition for purposes of Rule 65(b)(1)(A).[2] Additionally, there is no certification in writing by an attorney as to the efforts made to give notice or the reasons why notice should not be required, for purposes of Rule 65(b)(1)(B), and no amount of security has been offered nor has Border States provided any reason why security should not be required in this instance, for purposes of Rule 65(c).

Accordingly, the Emergency Motion for a Temporary Restraining Order, ECF No. 3, is **DENIED** without prejudice.

**DONE AND ORDERED** this 14th day of November 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Complaint is labeled as "Verified" but does not include a signature under penalty of perjury attesting that its contents are personally known and true.

[2] Mr. Bluml states that files were rapidly accessed and "potentially copied to an external storage drive." ECF No. 1–3 at 4–5. He offers no opinion as to whether any confidential information or trade secrets are currently being used or disclosed, causing irreparable harm.

CASE NO. 3:25cv2260-MCR-HTC