UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BORDER STATES
INDUSTRIES, INC.,

     Plaintiff,

v.                                    Case No. 3:25cv2260-MCR-HTC

ERIC NISEWONGER, et al.,

     Defendants.
_____/

## ORDER

On June 5, Plaintiff Border States Industries, Inc. ("Border States") filed a renewed motion to extend the deadline to disclose the report of its damages expert to July 8. Doc. 85. The motion asserted: (1) the damages expert cannot complete his report until Defendants provide additional discovery; and (2) Defendants consented to the July 8 extension but disagreed with how the motion characterized the status of discovery. *Id.* Because the extension was agreed upon, on June 9, without waiting for a response from the Defendants, the Court granted the motion. Doc. 86. The Court extended the disclosure deadline for the damages expert to July 8, ordered Defendants to complete their production of information and documents by June 12, and set a briefing schedule for a potential motion to compel. *Id.*

Defendants have now filed a motion asking the Court to reconsider the June 9 Order. Doc. 87. The only part of the June 9 Order that Defendants take issue with is the requirement that they produce, by June 12, whatever documents they intend to produce or responses they intend to make to the disputed interrogatories and requests for production. The Court imposed that deadline, and the expedited briefing schedule on a potential motion to compel, out of a concern that left to their own devices the parties would be unable to resolve their discovery disputes and be right back here with another extension request. The draft response attached to the motion to reconsider (Doc. 87-1) only reaffirms the Court's suspicions that it must hold the parties' feet to the fire to avoid unnecessary delays in this case. Thus, after considering Defendants' motion to reconsider and the draft response, the motion to reconsider is DENIED.

In Defendants' response, they say that Border States' request for an extension of its damages expert disclosure deadline (which Defendants agreed to) is based on a discovery dispute – and then spend the remainder of the response doing two things: (1) explaining their side of that dispute; and (2) pointing out the problems with Border States' discovery responses, which have nothing to do with the basis for the extension request or Defendants' own discovery obligations.

As an initial matter, the Court is aware the extension is based on a discovery dispute – that is why the Court directed the parties to file a motion to compel if they

cannot resolve the dispute themselves.  The Court has made no judgment or decision regarding any discovery dispute, did not overrule any objections, and did not require the production of "all responsive documents."[1]    Instead, the Court directed Defendants to produce whatever documents or responses they intended to produce by June 12.  The purpose of the deadlines imposed is very simple – it is to make sure that whatever dispute the parties need the Court to resolve that affects the disclosure of the damages expert will be timely presented and made ripe for disposition well *in advance* of the July 8 date.

Moreover, Defendants claim they cannot meet the June 12 deadline because they "have simply not been able to complete forensic computer imaging and searching within the deadlines originally established by this Court."  Doc. 87 at 3. However, Defendants fail to put any meat on that bone.

First, as noted in the June 9 Order, Border States served the discovery requests at issue on Defendants on April 15.  Thus, Defendants have had almost two months to respond to the requests.

Second, Defendants discuss steps they have taken to respond to the requests (hiring two experts to extract data from their computers and phones) but they do not identify when they retained the experts, when they turned their devices over to the

---

[1] Indeed, if the Court had overruled the objections and ordered Defendants to produce all responsive documents, it would make little sense for the Court to set a briefing schedule for a potential motion to compel.

experts, when the Gateway device expert turned the extracted data over to counsel, or when the cell phone expert plans to complete his work.

Likewise, while Defendants state that the "extracted data" has been "recently" provided to counsel, Defendants do not identify the volume of that data or how long counsel believes he needs to review the information. And while Defendants represent that a second IT consultant was retained to mirror image Defendants' cell phones and email accounts and "any responsive documents located will be provided to Border States as soon as possible," they do not state when that is likely to occur or why it cannot be completed by June 12. Moreover, while complaining about the June 12 date, Defendants also state that "thus far" they have found only 10 documents to be "technically responsive" from the extracted data and have found only 2 emails from the manual searches of Defendants' cell phones and emails. Based on that representation, it would seem there is very little Defendants will end up producing, which begs the question of why the production cannot be completed by the twelfth.

Third, Defendants suggest their ability to complete production has been hindered because "the theory of Border States' case changed late in the game" and "continues to change." Doc. 87-1 at 6-7. However, this is not a persuasive argument because regardless of whether Border States' theory of the case has changed, the

discovery requests at issue have not, and the Court has already addressed this issue in a prior hearing.

Lastly, Defendants suggest the Court should adopt a bifurcated discovery plan with "fact discovery now" and "damages discovery later, should the case actually proceed to a jury trial." Doc. 87 at 2, 15. However, that request is not properly presented through a motion for reconsideration or a response to a motion to extend an expert disclosure deadline.

Based on the foregoing, Defendants' motion for reconsideration is denied. As previously mentioned, Defendants need to produce whatever documents they intend to produce and respond to whatever interrogatories they believe are not objectionable by June 12, so the Court can resolve any discovery disputes and Border States' expert can complete their report.[2] The Court will not grant Defendants an undefined extension of the June 12 deadline on this record.

Accordingly, it is ORDERED:

Defendants' motion for reconsideration (Doc. 87) is DENIED.

---

[2] The Court notes Defendants' motion and draft response include a request for a scheduling conference or hearing to address their objections to Border States' discovery responses. Doc. 87-1 at 16. Such a request is premature. The Court will set a hearing after any motion to compel is filed and fully briefed. The parties are also reminded that they must first meet and confer in good faith, which requires more than a letter writing campaign, *before* filing a motion to compel.

Case No. 3:25cv2260-MCR-HTC

DONE AND ORDERED this 10th day of June, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:25cv2260-MCR-HTC