UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BORDER STATES
INDUSTRIES, INC.,

     Plaintiff,

v.                                                          Case No. 3:25cv2260-MCR-HTC

ERIC NISEWONGER, et al.,

     Defendants.

_____/

<u>ORDER</u>

The parties in this trade secrets misappropriation case are before the Court once again on yet another discovery dispute – Defendant Gateway Electrical Supply, LLC's ("Gateway") motions to compel better answers to interrogatories and requests for production from Plaintiff Border States Industries, Inc. ("Border States"). Docs. 96, 97. Despite instructing the parties to act reasonably and cordially, and to engage in a good faith meet-and-confer, even suggesting they talk in-person at the conclusion of the June 29, 2026 hearing, and offering the courtroom for them to do so, it appears the Court's instructions have yet again fallen on deaf ears. The parties did not narrow the issues in the motions to compel in any meaningful way – they continue to disagree on every request for production and interrogatory that has been served. Thus, the Court will resolve the issues for them.

After thoroughly reviewing and considering the motions and Border States' omnibus response (Doc. 103), as well as the individual discovery requests at issue, the Court finds the motions to compel should be GRANTED as set forth herein. Border States shall provide amended discovery responses, including a privilege log, by no later than **July 10, 2026**.

## I.    Objections and Other Issues that Permeate the Responses

Gateway has filed two motions: a Motion to Compel Answers to Interrogatories (Doc. 96) and a Motion to Compel Responses to Requests for Production (Doc. 97) from Border States. In the motions, Gateway takes issue with the entirety of Border States' responses, from its general objections to the manner in which Border States produced documents, to Border States' habit of answering each discovery request only after lodging a lengthy missive of objections. The Court will first address the issues attendant to all the responses and then address the specific discovery responses.

### A. Responding "Subject to" objections or "Without waiving" objections

In most of Border States' discovery responses, Border States lodges a host of objections, incorporates the general objections, and then responds "subject to" or "without waiving" the objections. Gateway argues this is improper and results in a waiver of any objections. The Court agrees.

Case No. 3:25cv2260-MCR-HTC

As Gateway argues, the practice of lodging objections and nonetheless responding is disfavored and, generally, results in a waiver of the objections. *See Ellis v. Pilot Travel Ctrs. LLC*, No.: 4:19cv219-MW/CAS, 2019 WL 13198255, at *2 (N.D. Fla. Sep. 26, 2019) (finding that the practice of providing discovery responses "subject to" or "without waiving" objections is improper and preserves nothing); *see also In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 8617616, at *2 (N.D. Fla. July 17, 2020) ("These objections are also disfavored and a legal nullity to the extent Bellwether Plaintiffs responded to the interrogatories, even though the responses were purportedly 'subject to and without waiving' the objections because that exclusion means nothing."); *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) ("Courts in this district and elsewhere have explained that producing documents (or saying that no responsive documents exist) 'notwithstanding' objections preserves nothing and wastes the time and resources of the parties and the court.") (internal quotation marks omitted).

With regard to requests for production, such responses fail to inform the requesting party of whether the discovery requests, as propounded, were fully answered; whether Border States withheld any material; or which documents were withheld based on which objection. *See Network Tallahassee, Inc. v. Embarq Corp.*, 4:10cv38RH/WCS, 2010 WL 4569897 at *1 (N.D. Fla. Sept. 20, 2010) (noting that

this type of response allows an "unscrupulous attorney" to withhold "properly discoverable information – a smoking gun document, for example – and assert later that he did nothing dishonest because he had, after all, objected to the discovery request and simply withheld the information based on the (unwaived) objection.").

Border States argues in its response that this issue is moot because it has produced *or is actively producing all non-privileged, relevant* documents.  Doc. 103 at 10.  The Court finds this response to be insufficient.  Because Border States contends that it is not withholding any documents from production, other than those that might be privileged, **Border States shall amend its responses to RFPD Nos. 1, 2, 4, 6, 8, 10, 11, 12, 15-34, 40-41, to withdraw all objections, except objections based on the attorney-client or work product privileges, as applicable, and for any document withheld on the basis of such privilege, shall contemporaneously produce a privilege log.  If Border States does not have documents responsive to a request, such as to RFPD 24 and 25 because those have not been identified, then it shall state so in the supplemental response.  If Border States has produced documents, it shall identify the documents by description or, if available, by Bates number (*see* Section I.F., below).  And, if Border States has responsive documents which it has not produced, those shall be produced by July 10, 2026.**

Border States provides similar responses to interrogatories. That is, after lodging a host of objections, Border States responds, "without waiving the foregoing [objections]." *See* Doc. 96-2 at 8-9 (response to Interrogatory No. 3). Border States argues that this practice is acceptable because the objections are not boilerplate objections, but specific objections, and it is not waiving the objections by responding to that part of the interrogatory to which no objection is lodged. The Court finds that argument to be unpersuasive.

While Border States is correct that Rule 33 provides that "Each interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing," *see* Fed. R. Civ. P. 33 (emphasis added), that is not what Border States has done. Border States objects to multiple parts of an interrogatory, and then when it responds, it is not clear which part it is responding to because the objections swallow the response.

For example, Interrogatory No. 3 simply asks Border States to "identify all recorded or written statements by any party or potential witness in this lawsuit." Border States' response, however, is anything but simple. First, Border States incorporates all its general objections, then it objects because the interrogatory exceeds the 25-interrogatory limit when considered with other interrogatories and their subparts; then it objects to the terms "recorded," "written," "statements," "potential witnesses," and "lawsuit" as vague and ambiguous; then it objects to the

Case No. 3:25cv2260-MCR-HTC

interrogatory as irrelevant and overly broad, and finally it objects to the extent the request seeks information in the possession, custody, or control of the defendants. After all those objections, Border States identifies a few documents it already provided to the Court, "without waiving the foregoing" objections. Doc. 96-2 at 9.

This practice of responding "notwithstanding objections" does not work for requests for production and it does not work for interrogatories. *See Tallahassee*, 2010 WL 4569897, at *1 (a "party may object to discovery or not, but the party cannot have it both ways"); *Se. Power Corp. v. Brady*, 2023 WL 3791466, at *1 (M.D. Fla. June 2, 2023) ("in general, answering a discovery request subject to an objection is improper, and courts have found this tactic to result in a waiver of the party's objections"); *see also, Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.,* No. 5:19-CV-381-TKW/MJF, 2020 WL 6122069, at *3 (N.D. Fla. Apr. 10, 2020) ("an answer that is made 'subject to or without waiving an objection' is routinely found to have waived the objection"); *Sharbaugh v. Beaudry*, No. 3:16-cv-126/MCR/EMT, 2017 WL 5988221, at *4 (N.D. Fla. May 5, 2017) (collecting cases).

**Border States shall amend its interrogatory responses as set forth below in Section II.B.**

Case No. 3:25cv2260-MCR-HTC

## B. General Objections

Border States begins its response to Gateway's discovery requests with a number of "General Objections" that it then "incorporates and adopts" into each specific response. Doc. 96-2 at 2-4; Doc. 97-2 at 1-3. The Court agrees that this is improper and violates the Local Rules, which state "an objection to an interrogatory, production request, or admission request must be set out specifically for the individual interrogatory, production request, or admission request; *an objection cannot be set out generally for an entire set of discovery requests*." N.D. Fla. Loc. R. 26.1(C) (emphasis added); *see also All. Laundry Sys., LLC v. Adams*, 2024 WL 3831409, at *1 (N.D. Fla. Aug. 15, 2024) ("'General Objections' violate the Local Rules and are improper"). Border States' General Objections "are akin to no objection at all and fail to provide a basis for refusing to provide [Gateway] with the requested discovery." *Id.*

In Border States' response, it states that the dispute over the "General Objections" is moot because it has withdrawn its General Objections. If that is the case, then Border States should have provided amended responses making that clear. It shall do so now. **Border States shall provide amended responses which remove all reference to General Objections.**

Case No. 3:25cv2260-MCR-HTC

### C. Objections Based on Vagueness or Ambiguity

Border States objects to some discovery requests as "vague or ambiguous," contending that it cannot "determine the nature of the information sought." *See e.g.*, Doc. 96-2 at 5. Gateway argues Border States must explain why the terms are vague and should respond to the interrogatories based on the terms' common meaning. The Court agrees.

Border States must identify the term(s) it contends are vague or ambiguous and explain why the term(s) are vague or ambiguous.[1] *See Cosby v. MHM Health Prof'ls, LLC*, No.5:20-cv-69-TKW/MJF, 2020 WL 13902554, at *2 (N.D. Fla. May 11, 2020) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that 'more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases.'") (quoting *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010)).

Also, Border States should respond to the discovery based on the terms' ordinary and common meaning and state the definition they are using in the response. *See Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6127140, at *2 (N.D. Fla. Apr. 6, 2020) ("A

---

[1] As explained further below, objecting to a request as "vague and ambiguous" without more explanation may also be considered a "boilerplate" objection, which is highly disfavored.

party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests] ... . If necessary, to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue.") (citing *Patrick v. Teays Valley Tr.*, 297 F.R.D. 248, 258 (N.D. W. Va. 2013); *Moss v. Blue Cross & Blue Shield of Kan.*, 241 F.R.D. 683, 697 (D. Kan. 2007); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

Border States responds that this issue is moot because it has responded to these requests just as Gateway has asked. For example, in its response to RFPD No. 15, Border States objected to the word "access" as vague, then stated (after other objections) that it would "produce based on its interpretation and understanding of what is responsive." Doc. 97-2 at 23. Despite Border States' contention otherwise, such a response is not sufficient. Using its response to RFPD No. 15, as an example, Border States does not explain why the term "access" is vague and responding "based on its interpretation and understanding" does not tell Gateway how Border States interpreted or defined the term or what it understood the request to mean. Moreover, as discussed above, because the response was made "subject to" the objections, it is not clear what Border States produced, if anything, in response to the request.

## D. Boilerplate Objections

Border States raised several objections that Gateway argues are "boilerplate" objections, such as objections to requests as "irrelevant," "unduly burdensome," "overly broad in time and scope," or "vague and ambiguous." *See, e.g.*, Doc. 96-2 at 17. Border States admits boilerplate objections are not favored in this district but argues that its objections are specific to each discovery request and are not boilerplate. *See* N.D. Fla. Loc. R. 26.1(C) ("Boilerplate objections are strongly disfavored."); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be *stated with specificity*.") (emphasis added); Fed. R. Civ. P. 34(b)(2) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or *state with specificity* the grounds for objecting to the request, including the reasons.") (emphasis added).

Based on the Court's review of the disputed discovery responses, the Court finds the objections are impermissible boilerplate objections. Take Border States' response to RFPD No. 30, for example, which Border States points to as an example of how its objection is "specific" and not boilerplate. RFPD No. 30 asks for "each document that evidences and relates to the presence of a USB drive or lack thereof on the Nisewonger Device at any time during the period from January 1, to August 5, 2025." Doc. 97-2 at 38. Border States objects to the request as "overbroad and unduly burdensome to the extent that it seeks all documents identifying or relating

to the referred to USB device without regard to whether those documents have any bearing on this Action." *Id.* at 39.  Contrary to Border States' assertion otherwise, that response leaves a lot to be "decod[ed]" and does not make clear "the basis for any objections or what is withheld." Doc. 103 at 7.  First, the explanatory phrase is a relevancy objection - not a breadth or burden objection.  Second, it is not clear why the request is overly broad – it is limited to the insertion of a USB device within an 8-month period.  Third, it is not clear why this request is burdensome – what does Border States have to do to find responsive documents?  Fourth, it is not clear whether there are even any responsive documents to produce or any that are being withheld.

Just because Border States may have provided *some* purportedly explanatory language with respect to a few of its objections, that does not make the objection any less boilerplate.  *See Harvard v. Inch*, No. 4:19cv212-MW/CAS, 2020 WL 701990, at *2 (N.D. Fla. Feb. 7, 2020) (finding that boilerplate objections are improper because "they do not provide Plaintiffs a reasonable roadmap to correct any defect in their requests before asserting their remedies through a motion to compel."); *see also, Walton Constr. Co., LLC. v. Corus Bank*, No. 4:10cv137-WS/CAS, 2012 WL 13029592, at *1 (N.D. Fla. Apr. 18, 2012) (a responding party must explain the "specific and particular ways a request is vague, overly broad, or unduly burdensome," when such objection is raised).

Case No. 3:25cv2260-MCR-HTC

### E. Interrogatory Subparts

Border States objects to all interrogatories on the basis that they consist of "numerous discrete subparts, or compound or conjunctive questions," and thereby violate the 25-interrogatory limit prescribed by Federal Rule of Civil Procedure 33(a)(1).  Because Border States does not specifically identify for each interrogatory to which this objection is raised how many subparts are contained in the interrogatory, or explain why the subparts do not meet the "related to" test,[2] this objection is not properly raised.   The objection is, therefore, overruled and considered waived.  *See Rivera v. 2K Clevelander, LLC*, No. 16-21437-Civ, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017) (boilerplate objections are no objections at all and thus waived).

### F. Document Dump

Gateway argues Border States engaged in an improper "document dump" by producing approximately 30,000 documents or files without specifying which documents and files are responsive to which RFPs.

---

[2] When determining whether any subparts of an enumerated interrogatory are discrete, courts in the Eleventh Circuit apply the "related question" test, where they ask whether "the subparts are subsumed and necessarily related to the primary question." *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 20ff.20 WL 2029977, at *4; *see also, Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 2016 WL 7188894, at *1 (M.D. Fla. Dec. 12, 2016) (interrogatories "containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question").

Despite the Court's admonition at the June 29 hearing that Border States should ensure that it identifies what documents are responsive to which request, Border States continues to engage in playground antics. Border States maintains it has no obligation to tie the documents to a particular request (Border States clearly disregarded the Court's admonition) and then proceeds to point the finger at Gateway, yelling across the playground, "they did it too" – referring to Gateway's most recent production. Both arguments fall flat.

First, as Border States acknowledges, Rule 34(b)(2)(E) requires a producing party to produce documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i). Rule 34 applies to documents and to ESI. *Id.* Although Border States contends it has satisfied the Rule by producing documents as they are kept in the ordinary course of business, even so, "the production cannot be simply a relentless document dump intended to hide the ball or obfuscate the discovery process." *See United States ex rel. Edler v. Escambia County*, 2022 WL 23011221, at *2; *see also Henderson v. Holiday CVS, L.L.C.*, 2010 WL 11505168, at (S.D. Fla. Aug. 11, 2010) (Rule 34(b) "requires the production provide the requesting party with the requisite information they need to match the documents to their requests.").

Second, Border States' failure to identify which documents are responsive to which request is particularly problematic here since it is wholly unclear from Border States' responses what they have produced, will produce, or are withholding.

**Border States shall amend its discovery responses to specifically identify by either Bates number, when available, or by description, what documents are responsive to which request.**

## II.    Rule 26

The starting point for most discovery disputes is Federal Rule of Civil Procedure 26(b), which sets forth the scope of discovery in civil litigation. Under Rule 26, parties are entitled to discover information relevant to the parties' claims and defenses in the case. Fed. R. Civ. P. 26(b)(1); *McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) ("Relevancy and proportionality are the guiding principles [of Rule 26.]").

"Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Marbury v. Warden*, 2022 WL 17175549, at *2 (11th Cir. Nov. 23, 2022) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Though information need not be admissible in evidence to be discoverable under Fed. R. Civ. P. 26(b)(1), 'the discovery rules do not permit [parties] to go on a fishing expedition.'" *Turner v.*

*Office Depot, Inc.*, 2019 WL 11278355, at *2 (M.D. Ala. Sept. 25, 2019) (quoting

*Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)).

Whether information is relevant, however, does not end the inquiry under

Rule 26.  The discovery at issue must also be "proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R.

Civ. P. 26(b)(1).  Although relevance should be broadly construed, under the 2015

amendments to Rule 26, the Court must weigh those liberal standards against

proportionality considerations.  *See In re Arby's Rest. Group Inc. Litig.*, 2018 WL

8666473, at *1 (N.D. Ga. Aug. 16, 2018).

A court has considerable discretion in determining whether discovery is

relevant and proportional.  *See e.g., United States v. Esformes*, 2018 WL 3617311,

at *4 (S.D. Fla. July 20, 2018); *see also Pediatric Servs. of Am., Inc. v. Kendrick*,

2019 WL 7347183, at *2 (N.D. Fla. June 12, 2019) (courts have broad discretion in

deciding discovery disputes).  Having reviewed the interrogatories and the requests

in dispute, which were not otherwise resolved above, the Court finds as follows:

A.    Requests for Production

| Request No. | The Court's determination |
| --- | --- |
| No. 3 | Border States' objections are overruled.  Border States shall respond to the request as narrowed by Defendants to produce documents identifying the duties or job description of each person who had authorized access to a trade secret Border States alleges Defendants misappropriated.  Border States does not have to produce biographies for those individuals. |
| No. 7 | Border States' objections are overruled.  Border States shall produce responsive documents to the request as narrowed by Defendants to documents that "evidence or reflect whether any part of an alleged trade secret includes any information that can be obtained by a third party from one of Plaintiff's vendors or customers."  Just because information may be a trade secret even though some of its parts are publicly available does not mean that the requested information has no relevance to this litigation. *See SCIGRIP, Inc. v. Engineered Bonding Solutions, Inc.*, 2015 WL 13792807, at *3 (M.D. Fla. Dec. 9, 2015) ("Information that is publicly accessible or readily ascertainable … cannot qualify for trade secret protection." … "An allegation that a trade secret 'derives economic value from not being readily ascertainable by others,' is required under the [Florida] statute."). |
| No. 9 | Border States' objections are overruled.  Border States' contention that a request, which seeks to ensure that what Border States alleges is a trade secret has not been disclosed to a third party, could include information shared with counsel for purposes of legal advice and thus, objectionable, is absurd.  If that is Border States' concern, it could have easily addressed that in a meet and confer.  Had Border States considered this request using common sense, rather than an adversarial lens, it would have easily deciphered the purpose behind this request, which is the same as Request No. 7.  Border States shall produce responsive documents. |
| No. 13 | Border States' objections are overruled.  Border States alleges in this case that it has been harmed by Defendants' misappropriation of trade secrets, including in the form of lost business, interference with Border States' business operations, damage to reputation, and costs in securing client accounts.  Doc. 79 at 47, ¶ 194.  This request seeks documents supporting that damages claim – it is |

| | Border States' obligation to support its damages, not Gateway's. Border States shall produce responsive documents. |
|---|---|
| No. 14 | Border States' objections are overruled for the same reasons the objections to RFPD No. 9 were overruled. Also, the Court does not see how such a request could implicate emails about Border States' SAP software or references to a client on a client list. Gateway seeks communications between Border States and a third party reflecting the alleged trade secret. Border States had not identified the identity of its customers or the SAP program as such a trade secret. Border States shall produce responsive documents. |
| No. 26 | Border States shall amend its responses to withdraw its objections to this request and to the extent any documents are withheld based on privilege, unless otherwise agreed, those documents shall be identified on a contemporaneously produced privilege log. |
| Nos. 35-37 | Gateway's motion is denied as to these requests. Gateway has not shown how these requests are relevant or proportional under Rule 26. The reason(s) the Individual Defendants may have left Border States' employment or why other individuals left have no bearing on whether Defendants misappropriated trade secrets. |
| No. 38-39 | Border States' objections are overruled. The motion to dismiss has been denied. Regardless, discovery is not automatically stayed pending a motion to dismiss, and Border States never moved for a stay. *See Zarnesky v. Adidas America, Inc.*, 2021 WL 3729230, at *1 (M.D. Fla. June 10, 2021) ("There is no general rule that discovery be stayed while a pending motion to dismiss is resolved."). |

### B.    Interrogatories

As discussed above, the Court finds Border States has waived its objections to any interrogatory exceeding the 25-interrogatory limit because of subparts. With regard to Border States' other objections, the Court finds as follows:

| Interrogatory No. | The Court's determination |
|---|---|
| No. 1 | Border States shall amend its responses to answer this interrogatory without objection, and now that the Court has granted the request to modify the protective order to include an attorney's eyes only designation, shall include in its amended answer the requested information regarding the "industry counterpart." |
| No. 2 | Border States shall amend its responses to answer this interrogatory without objection. |
| No. 3 | Border States' objections are overruled. Border States shall amend its responses to answer this interrogatory without objection. *See* discussion under Section I.A., above. |
| No. 4 | Border States' objections are overruled. Once again, rather than taking a reasonable and commonsense approach to answering this interrogatory, Border States attempts to manufacture an issue where there is none. This interrogatory does not contain 85 discrete subparts; the request for the date the trade secret was maintained as such, the location of the trade secret, and the form of the trade secret "elicit details" concerning the trade secret. *See The Mitchell Co., Inc. v. Campus*, 2008 WL 2468564, at *7 (S.D. Ala. June 16, 2008) (because "each subpart requests information relating to the relationships identified by Plaintiff in response to the interrogatory," they are "directed at eliciting details concerning a common theme" and thus are not separate questions); *see also, Oliver v. City of Orlando*, 2007 WL 3232227, at *2–3 (M.D. Fla. Oct. 31, 2007) (finding subparts seeking names, addresses, claim numbers, and amounts paid as "logically related to the information sought in the primary question to be counted as a single interrogatory"). Border States shall amend its responses to answer this interrogatory without objection. |
| No. 5 | Border States' objections are overruled for the same reasons its objections to Interrogatory No. 4, and RFPD No. 3 were overruled. Border States shall amend its response to answer this interrogatory without objection. |
| No. 6 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |

| | |
|---|---|
| No. 7 | Border States' objections are overruled. Border States shall amend its responses to answer this interrogatory without objection and shall provide in the amended answer the identity of the policies and procedures and security plans or software that it used to protect the alleged trade secrets. |
| No. 8 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection and shall provide a complete answer. Border States' reference to Interrogatory No. 4 is not a sufficient response. These two interrogatories are not duplicative and do not seek the same information. |
| No. 9 | Border States' objections are overruled for the same reasons its objections to RFPD. No. 7 were overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 10 | Border States' objections are overruled for the same reasons its objections to RFPD No. 13 were overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 11 | Border States' objections are overruled for the same reasons its objections to Interrogatory No. 4 were overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 12 | Border States' objections are overruled for the same reasons its objections to Interrogatory No. 4 were overruled. Border States shall amend its responses to answer the interrogatory without objection. Additionally, Border States is the one who brought this action – it cannot, therefore, contend that Defendants know more about Border States' claims than it does. It is not Defendants' burden to meet the elements of a misappropriation of trade secrets claim. |
| No. 13 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 14. | Border States' objections are overruled. While Border States contends it always intended to produce a damages expert report, that, alone, does not obviate the need for Border States to answer this question to the extent that it is aware of the categories of damages it seeks without expert assistance. Moreover, rather than |

|  | saying that such information will be identified by its damages expert, Border States stated that it "will not respond" to this Interrogatory. Border States shall amend its responses to answer the interrogatory without objection. |
|---|---|
| No. 15 | Border States' objections are overruled for the same reasons its objections to RFPD No. 13 were overruled. Border States shall amend its responses to answer the interrogatory without objection and shall provide a full and complete response, not one that is limited solely to lost business. |
| No. 16 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 17 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 18 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 19 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection. |
| No. 20 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection and shall include in its amended answer a "yes" or "no" response to whether it contends a USB storage device was connected to the Nisewonger Device at any time between January 1 to August 5, 2025. |
| No. 21 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection and shall include in the amended answer the time Nisewonger left the branch, if known, (not just when he resigned) and the basis for Border States' determination. |
| No. 22 | Border States' objections are overruled. Border States shall amend its responses to answer the interrogatory without objection and shall include in the amended answer the time Bradford, Jr. left the branch (not when he was terminated), and the basis for Border States' determination. |

Accordingly, it is ORDERED:

1.      Gateway's Motions to Compel (Docs. 96, 97) are GRANTED to the extent set forth herein.

2.      Border States shall provide supplemental or amended responses as directed herein to Gateway by no later than **July 10, 2026**.[3]

3.      Pursuant to Rule 37(a)(5)(A), the Court finds Gateway is entitled to its reasonable expenses incurred in filing the motions, including attorney's fees, and does not find Border States' responses or objections to be substantially justified.[4] *See* Doc. 75 at 9 ("The Parties are advised that the Court shall award reasonable fees and costs or impose sanctions against the losing party to a discovery motion unless the Court finds the losing party's position was substantially justified").  Thus, as required by that Rule, Border States and their counsel shall reimburse Gateway for those expenses.  Within **fourteen (14) days** of this Order, the parties shall meet and confer regarding those expenses, and if they cannot agree on an amount, Gateway shall file a motion seeking those expenses within **twenty-one (21) days** of this Order, and Border States shall file a response to the motion within **three (3) days** of service

---

[3] The parties may agree to a different date but if they do so, they shall not be heard to complain of it later or request any extensions based on that agreement.

[4] The Court also previously advised the parties that it would be awarding fees and costs to the prevailing party in future discovery disputes.  Doc. 100 at 2.

Case No. 3:25cv2260-MCR-HTC

of Gateway's motion.  If Gateway does not file a timely motion, the Court will deem this matter as resolved.

DONE AND ORDERED this 8th day of July, 2026.

_/s/ Hope Thai Cannon_

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**